### WHAT IS MEANT BY "BURDEN OF PROOF."

Court of Appeals for Hamilton County.

GEORGE C. BUTTEMILLER v. HOWARD WILLIAM SCHMID, BY HIS NEXT FRIEND.

Decided, 1915.

*Evidence—Degree of Proof Necessary to Satisfy the Requirement as to Burden of Proof—Instruction to Jury as to Burden of Proof Erroneous But Not Prejudicial.*

An instruction to the jury that "by burden of proof is meant the burden or duty of satisfying the minds of the jury of the truth of all the material facts alleged by the plaintiff and denied by the defendant," imposes too great a burden upon the plaintiff, but being prejudicial to the plaintiff only the defendant can not complain of the error so committed.

*Robertson & Buchwalter,* for plaintiff in error.
*Jos. Lemkuhl,* for defendant in error.

JONES (E. H.), J.

Plaintiff in error is a physician against whom judgment was recovered in the court below in favor of defendant in error for the sum of $1,000, assessed by the jury as damages for malpractice in connection with the treatment of plaintiff for an injury.

By far the greater part of the brief for plaintiff in error, as well as the oral argument of counsel, is devoted to a discussion of the evidence. We deem it unnecessary to review the evidence in this opinion. It is sufficient to say we do not feel at all inclined to disturb the verdict of the jury or the judgment entered thereon for insufficiency of evidence to support it.

The other errors alleged relate to the charge of the court. Complaint is made of the following portion of the charge:

"By burden of proof is meant the burden or duty of satisfying the minds of the jury of the truth of all the material facts alleged by the plaintiff and denied by the defendant."

The case of *C., H. & D. Ry.* v. *Frye,* 80 Ohio St., 289, is cited as authority to show that the word "satisfying" as used in this portion of the charge is prejudicial to the plaintiff in error. In the case cited it appears that the word "satisfied" was used by the trial court in its charge in connection with the attempt of the defendant to establish the defense of contributory negligence. Crew, C. J., in his opinion, on page 300, said:

"By this instruction the jury was told, not only that the burden of proof was on the defendant to establish its affirmative defense of contributory negligence by a preponderance of the evidence, but that if the defendant was negligent as charged, then plaintiff was entitled to a verdict 'unless the defendant has so made out the truth of its affirmative defense.' And the jury was thereby further told and instructed that such affirmative defense was so made out, 'If the defendant has satisfied your minds by a preponderance of the evidence * * * that the plaintiff was guilty of negligence which contributed directly and proximately, together with the alleged negligence of the defendant, to produce this injury.' This instruction, therefore, in effect, imposed upon the defendant the requirement—if it would make available the defense of contributory negligence—that it establish by a preponderance of the evidence the truth of such defense to the satisfaction of the jury. This was to place upon the defendant the obligation and burden of producing or furnishing a higher degree of proof than the law demands or exacts, and was therefore erroneous."

In the case now under consideration the court in the portion of the charge in which the word "satisfying" is used erred not

against the plaintiff in error, but to the prejudice of the defendant in error, upon whom too great a burden was imposed. It therefore follows that such error constitutes no ground for reversal in this case, as it did not result prejudicially to the party complaining.

The word "satisfy" was also used by the trial court in its charge on page 294 of the bill of exceptions, where the court charged the jury upon the doctrine of contributory negligence. This portion of the charge was later entirely recalled by the court, and the jury was instructed to pay no attention whatever to that part of the charge.

Our attention is also directed, by plaintiff in error, to the following language of the court:

"You have a right to accept or reject part or all of the testimony of a witness, and give credit to those witnesses who in your opinion are entitled to credit."

*P., C., C. & St. L. Ry.* v. *Pritz,* 90 Ohio St., 419, is relied upon in support of this assignment of error. The language there passed upon is not the same as the language here used. When considered in connection with the portion of the charge which immediately precedes it, we do not think that this portion of the charge is erroneous.

We therefore find no error in the proceedings below and the judgment will be affirmed.

JONES (Oliver B.), J., and GORMAN, J., concur.